UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEPHEN J. HODGES, | ) |
| Plaintiff, | ) Civil Action No. |
| | ) 15-10607-ADB |
| v. | ) |
| BENJAMIN HUIZENGA, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

BURROUGHS, D.J.

For the reasons stated below, this action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

This copyright infringement action was initiated by Stephen J. Hodges on behalf of Orchard Holdings, Inc., a Massachusetts Corporation, and was assigned pursuant to the Court's Program for Random Assignment of Civil Cases to Magistrate Judges. With the complaint, Hodges filed motions to proceed in forma pauperis and for appointment of counsel.

By Order dated March 27, 2015, the Court denied these motions and explained that it is without authority to permit a Plaintiff corporation to proceed in forma pauperis or to appoint counsel to represent it in this matter. [ECF No. 9]. The Order further cautioned that a corporation may not proceed pro se and must be represented by a licensed attorney. Id.

In response, Orchard Holdings, Inc. filed a motion to amend. [ECF No. 13]. By Order dated June 16, 2015, the motion was allowed and Mr. Hodges was advised that if he wishes to

apply to proceed in forma pauperis or request the assistance of an attorney, he must do so by separate application.  [ECF No. 14].

By Procedural Order dated October 8, 2015, Hodges was directed to either (1) pay the $400.00 filing and administrative fees[1]; or (2) move for leave to proceed in forma pauperis. [ECF No. 15].  The Procedural Order stated that failure of plaintiff to comply with this directive within 14 days may result in the dismissal of this action.  Id.  The Court's records indicate that plaintiff has not filed a response to the October 8, 2014 Procedural Order and the time to do so has expired.

On October 28, 2015, this action was randomly reassigned to the undersigned.  [ECF No. 17].

DISCUSSION

Under Federal Rule of Civil Procedure 41(b), a court may dismiss a claim "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court."  See Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962).  This authority flows from a Court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars.  Id. at 629-31.

Magistrate Judge Kelley issued several orders advising plaintiff of the appearance requirements as well as the filing fee obligations for this case.  [ECF Nos. 9, 10, 11, 15].  The October 8, 2015 Procedural Order granted plaintiff 14 days to either pay the filing fee or file a fee-waiver obligation.  [ECF No. 15].  To date, plaintiff has failed to comply with this Procedural Order.  Accordingly, the Court will dismiss the complaint without prejudice pursuant

---

1 The $50.00 administrative fee became effective May 1, 2013; it does not apply to persons proceeding in forma

to Rule 41(b) for failure to follow an order of the Court.

## ORDER

Based upon the foregoing, it is hereby ORDERED that this action be, and it hereby is, DISMISSED without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**SO ORDERED.**

/s/ Allison D. Burroughs
Allison D. Burroughs
United States District Judge

Dated:  October 29, 2015

---

pauperis.  <u>See</u> Judicial Conference Fee Schedule.